UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONOVAN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, *et al*.,<br><br>Defendants. | Case No. 24-cv-12164<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE AND DENY AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF NO. 17)**

### I.   Introduction

Plaintiff Donovan Johnson, proceeding pro se, sues Capital One, N.A. and Andrew M. Young, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*., the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*., and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq*.  ECF No. 1.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.

In November 2024, defendants moved to dismiss Johnson's complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 17.  Defendants asserted that Johnson's complaint is based on a "frivolous debt avoidance scheme" that is "rooted in 'sovereign citizen' ideology and theory."  *Id*., PageID.80.  When Johnson failed to respond, the Court ordered him to show cause why his complaint should not be dismissed for failure to prosecute by January 10, 2025.  ECF No. 20.  Johnson did not respond to the show cause order.

The Court thus **RECOMMENDS** that Johnson's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute and that defendants' motion to dismiss be **DENIED** as moot.  ECF No. 17.

II. Analysis

A.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect

2

management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown."  E.D. Mich. LR 41.2 (cleaned up).  Dismissal for want of prosecution is ordinarily with prejudice.  Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.  Although Johnson is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-

3

comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal. For the first factor, Johnson is at fault because he failed to respond to the dispositive motion or the order to show cause. His failure to respond was either done in bad faith or is "willful and with fault." *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

Although there is no evidence that defendants were prejudiced by Johnson's inaction, the third and fourth factors weigh heavily in favor of dismissal. The Court warned Johnson that his failure to respond to the show cause order could result in dismissal of an action. And "dismissal is the only appropriate remedy because [Johnson] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

### III. Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** and that defendants' motion to dismiss be **DENIED** as moot (ECF No. 17).

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: April 2, 2025

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

　　The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2025.

　　　　　　　　　　　　　　s/Davon Allen
　　　　　　　　　　　　　　DAVON ALLEN
　　　　　　　　　　　　　　Case Manager